**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**TONIA SCOTT,**                                   :

                                                    :

    **Plaintiff**                          :          **CIVIL ACTION NO. 3:16-0342**

                                                    :

    **v.**                                 :

                                                    :          **(JUDGE MANNION)**

**ROBERT M. ROSS, et al.,**                         :

                                                    :

    **Defendants**                        :

## M E M O R A N D U M

Pending before the court is one of several recent complaints filed by *pro se* plaintiff Tonia Scott. In this case, plaintiff is seeking the court to issue a writ of mandamus and a preliminary injunction to prevent defendant Pennsylvania American Water Company ("PAWC") from terminating her water service for failure to pay. Plaintiff states that she is American Indian (Iroquois/Haudenosaunee nation) and that "Constitutionally, Indians are the owners of the North American land mass." As such an owner, plaintiff states that she should "not be extorted for [her] inheritance" by being charged for the water she uses. (Doc. 1). The complaint will be **DISMISSED WITH PREJUDICE** for failure to state a cause of action and for lack of subject matter jurisdiction. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), will be **GRANTED**.[1]

---

[1]Plaintiff Scott indicates in her *in forma pauperis* motion that she owns her home located at 4110 Winchester Way, Bushkill, PA, but she does not state the value of her home and whether she has a mortgage. Nonetheless,

## I.   BACKGROUND

On February 24, 2016, plaintiff Scott, a resident of Bushkill, Pennsylvania, filed several complaints including the instant one against Robert M. Ross, CEO of PAWC, and Kathy L. Pape, President of PAWC. Both defendants are located in Hershey, PA.[2] Plaintiff indicates that this court has federal question jurisdiction over her action pursuant 28 U.S.C. §1331.

Specifically, plaintiff alleges, in part, as follows:

On March 17, 2015, [she] contacted defendant, [PAWC] customer service center and offered a negotiable instrument collateralized by a documented precious commodity as payment for [water] service in accordance to [the UCC] and the Uniform Negotiable Instruments Act for [her account]. ... Plaintiff was informed to fax her request to ... the attention of [PAWC's] collections department.

Plaintiff states that she was later told to fax her security agreement to PAWC's collections department. After she complied, plaintiff was threatened with termination of her water service. Plaintiff then filed a formal complaint

_____

in the court's discretion, plaintiff's *in forma pauperis* motion will be granted for present purposes.

[2] In many of her complaints, plaintiff repeats identical statements pertaining to her interpretations of various treaties, declarations and United Nation resolutions regarding the rights of indigenous peoples and the requirement of the United States to protect these rights. Plaintiff attempts to use these documents to justify her demands for payment by private companies located on land she claims traditionally belonged to "Aboriginal American Indian peoples" as well as her demands for free utility services. In her complaints, plaintiff continually fails to explain how any of these documents entitle her personally to any money for property owned by defendant companies, to any free utility services, and how any of the companies are a "sub-corporation of the United States."

against PAWC with the Pennsylvania Utility Commission ("PUC"). While her complaint with the PUC was pending, PAWC's counsel called her and told her that her payment offer was not acceptable and that only Federal Reserve notes would be accepted. The PUC then conducted a hearing for October 1, 2015. On December 20, 2015, the PUC sent plaintiff a letter dismissing her claim. Subsequently, plaintiff alleges that she was harassed and received threats from PAWC to terminate her water service for lack of payment and that her attempt to explain to PAWC that she was a creditor based on the treaties and not a debtor were to no avail.

Plaintiff also advised PAWC of her ownership authority of the land which it occupied and that it had failed to compensate her for its usage. She then states that in accordance with the treaties protecting the rights of indigenous people, which the United States executed, PAWC must pay her for using the land since it is a sub-corporation of the United States. Plaintiff contends that since she is an "Aboriginal/Indigenous American Indian" and an "heir of the North American continent" there can be no laws that effect the rights of indigenous people to enjoy their right to self-determination. She indicates that since the company would not accept her form of payment for her water service and agree to pay her to use its land and since the company is a subsidiary of the United States bound by its treaties recognizing the rights of indigenous peoples, she filed this action to exercise her traditional ownership authority over the land which PAWC occupies and to demand the company

3

to pay her to use it. Plaintiff states that since PAWC failed to comply with her "affirmation", it is violating the United States Constitution and Treaties.[3]

As relief, plaintiff requests the court to order defendants Ross and Pape to pay her $10,000 per month for land rental expenses as well as $75,000 in damages.

## II.   DISCUSSION

To date, plaintiff's complaint has not been served on defendants and no response to her complaint is due by the defendants at this time. In cases where the plaintiff has *in forma pauperis* status, Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002). For the reasons stated below, the plaintiff's case is both frivolous and

---

[3]To the extent plaintiff Scott is attempting to raise constitutional claims against PAWC under 42 U.S.C. §1983, she fails to state a cognizable claim since PAWC is not a state agency amenable to suit under §1983. *See* Conway v. King Pharmaceuticals, Inc., 2008 WL 4128088, *1 (M.D.Pa. 2008) (A private company is not an appropriate defendant in a §1983 civil rights action because it is not acting under color of state law.) (citations omitted). Additionally, defendants Ross and Pape are not state actors subject to suit under §1983.

fails to state a claim upon which relief can be granted, and therefore, the case must be dismissed.

An action is frivolous where "the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." Deutsch v. United States, 67 F.3d 1080, 1082 (3d Cir. 1995). A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) and (2). Even though courts are more deferential and liberally construe pleadings of *pro se* litigants, the plaintiff must still comply with the pleading standards set forth in the Federal Rules of Civil Procedure. *See* Frazier v. Southeastern Penn. Transp. Auth., 785 F.2d 65, 67 n. 3 (3d Cir. 1986); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). As such, a complaint must include factual allegations to support the legal claims asserted. Id. at 1949, 1953.

Plaintiff's complaint provides neither understandable factual allegations nor the grounds on which the claims rest. It does not put defendants on fair notice of any cognizable claims against them and the factual basis for any

claims. The complaint is not comprehensible, a circumstance which justifies dismissal under Rule 8. *See* Roy v. Supreme Court of U.S., 484 Fed.App'x 700, 700 (3d Cir. 2012).

While the incomprehensibility of the complaint is alone sufficient to justify dismissal, the court can dismiss a complaint that is completely devoid of merit and plainly frivolous for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See* DeGrazia v. F.B.I., 316 Fed.Appx. 172, 173 (3d Cir. 2009); Smith v. Laster,787 F.Supp.2d 315, 318-19 (D. Del. 2011) (citing Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (sua sponte dismissal under Rule 12(b)(1) is proper when allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.")).

Moreover, in Agarwal v. Schuylkill County Tax Claim Bureau, 442 Fed.Appx. 733 (3d Cir. 2011), the Third Circuit held that defendant water authorities did not violate plaintiffs' civil rights by not accepting personal checks for the payment of delinquent accounts and by only accepting certified checks, cashier's checks, money orders, or cash. Thus, plaintiff's claim that PAWC violated her rights by not accepting her proffered form of payment for her water service is subject to dismissal.

Additionally, plaintiff is not entitled to a writ of mandamus or an order granting her a preliminary injunction preventing PAWC from terminating her

water service for failure to pay since she has no likelihood of success on the merits of her case and she has adequate state court remedies. In order to obtain a writ of mandamus under 28 U.S.C. §1361, plaintiff must demonstrate that she "lack[s] adequate alternative means to obtain the relief [she] seek[s]" and she "carr[ies] the burden of showing that [her] right to issuance of the writ is 'clear and indisputable.'" Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814 (1989). Plaintiff has adequate state remedies available to her and she has failed to show she has a "clear and indisputable" right to the writ. In fact, plaintiff admits she utilized her state remedies by filing a formal complaint against PAWC with the PUC. She may also have other state remedies available to appeal the decision of the PUC. Also, §1361 provides the federal courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Id. None of the defendants are officers or employees of the United States or of a federal agency.

In determining whether to grant injunctive relief, courts within the Third Circuit consider the following factors: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Rogers v. Corbett,

468 F.3d 188, 192 (3d Cir. 2006). *See also* United States v. Bell, 414 F.3d 474, 478 n.4 (3d Cir. 2005) (citing ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996) (en banc)).

While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F.Supp.2d 449, 457 (M.D.Pa. 2009) (citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir.2002)). "A failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." Jones v. Taylor, 2013 WL 1899852 (M.D. Pa. May 7, 2013) (quoting In re Arthur Treacher's Franchise Litig., 689 F.2d 1137, 1143 (3d Cir.1982)). As discussed, plaintiff has no likelihood of success on the merits of her case.

Finally, it is true that generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, it is clear that granting plaintiff leave to amend her complaint would be futile.

## III.    CONCLUSION

For the above reasons, plaintiff's complaint, (Doc. 1), is **DISMISSED WITH PREJUDICE** pursuant to §1915(e)(2)(B)(i)(ii). Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), is **GRANTED**. The Clerk is directed to close the case. A separate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 7, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0342-01.wpd

9